

FILED_____LODGED
_____RECEIVED

JAN 1 5 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____DEPUTY

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
9          WESTERN DISTRICT OF WASHINGTON
                      AT TACOMA

10  VIACOM OUTDOOR, INC , a Delaware
    corporation, and A. J. WEBB
11  CONSTRUCTION COMPANY,                    NO      CV03  5023RJB

12              Plaintiffs/Petitioners,      NOTIFICATION OF FILING OF
                                             NOTICE OF REMOVAL
13       vs

14  CLALLAM COUNTY, a Washington
    municipal corporation,
15
                                             
16              Defendant/Respondent         CV 03-5023 #1

17

18       TO          VIACOM OUTDOOR, INC and A J WEBB CONSTRUCTION CO,
                      Plaintiffs

19       AND TO       DAVIS WRIGHT TREMAINE LLP and JOHN E KEEGAN,
20                    Attorneys for Plaintiffs

21          EACH OF YOU WILL PLEASE TAKE NOTICE that defendant Clallam County in

22  the above-entitled action has this date filed its Notice of Removal of its action in the Office of

23  the Clerk of the United States District Court for the Western District of Washington at

24  Tacoma  A copy of the Notice is attached hereto

25

{861564 DOC}
NOTIFICATION OF FILING OF NOTICE OF
REMOVAL - 1

ORIGINAL

Law Office
LEE SMART COOK MARTIN & PATTERSON
P S , Inc
1800 One Convention Place ● 701 Pike Street ● Seattle, WA 98101-3929
(206) 624-7990 ● Toll-free (877) 624-7990 ● Facsimile (206) 624-5944

I 507605

YOU ARE FURTHER ADVISED that defendant, upon filing of the Notice of Removal, also filed a copy of the Notice with the Clerk of the Superior Court for Kitsap County, thus effecting removal of the action under 28 U S C Section 1446(d)

DATED this __13__ day of January, 2003

LEE SMART COOK MARTIN &
PATTERSON, P S , INC.

By. _____
Duncan K Fobes, WSBA No 14964
William R. Kiendl, WSBA No 23169
Of Attorneys for Defendant/Respondent
Clallam County

## DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date, I mailed or caused delivery of a true and accurate copy of this document to

John E Keegan
Bruce E H Johnson
Davis Wright Tremaine LLP
1501 Fourth Avenue, Suite 2600
Seattle, WA 98101-1688

DATED this __15__ day of January, 2003, at Seattle, Washington

_____
William R. Kiendl

{861564 DOC}
NOTIFICATION OF FILING OF NOTICE OF
REMOVAL - 2

*Law Offices*
**LEE SMART COOK MARTIN & PATTERSON**
*P S , Inc*
1800 One Convention Place ● 701 Pike Street ● Seattle, WA 98101-3929
(206) 624-7990 ● Toll free (877) 624-7990 ● Facsimile (206) 624-5944

# EXHIBIT A

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
9          WESTERN DISTRICT OF WASHINGTON
                    AT TACOMA

10   VIACOM OUTDOOR, INC , a Delaware
     corporation, and A J WEBB
11   CONSTRUCTION COMPANY,                    NO

12              Plaintiffs/Petitioners,       NOTICE OF REMOVAL

13        vs.

14   CLALLAM COUNTY, a Washington             Clerk's Action Required
     municipal corporation,
15
                Defendant/Respondent.
16

17
        TO:    THE CLERK OF THE COURT
18             UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON AT TACOMA
19

20      Defendant Clallam County, by its undersigned attorneys, states.

21      1       The above action was filed on December 31, 2002, and is pending in the

22   Superior Court of the State of Washington for Kitsap County, under Cause No 02-2-04213-1

23   Defendant was served on December 31, 2002.

24      2.      On or about January 3, 2003, Lee, Smart, Cook, Martin & Patterson, P S , Inc

25   obtained copies of the Summons and Land Use Petition and Complaint for Declaratory

{861502 DOC}
NOTICE OF REMOVAL - 1

1   Judgment, Just Compensation and Damages in the above-captioned action as attorneys for

2   defendant   Copies of the Summons and Land Use Petition and Complaint for Declaratory

3   Judgment, Just Compensation and Damages are attached hereto

4       3       Pursuant to 28 U S C  Section 1446(b), this Notice of Removal is filed within

5   thirty (30) days after service of the Land Use Petition and Complaint for Declaratory

6   Judgment, Just Compensation and Damages.

7       4       Plaintiffs' Land Use Petition and Complaint for Declaratory Judgment, Just

8   Compensation and Damages alleges, among other things, that defendant deprived plaintiffs of

9   property rights, substantive due process, speech rights, civil rights, and other rights in

10  violation of the Fifth and Fourteenth Amendments to the Constitution of the United States,

11  and in violation of the Uniform Relocation and Assistance and Real Property Act of 1970, 42

12  U S C  Section 4601, actionable pursuant to 42 U S C  Section 1983   *See* Land Use Petition

13  and Complaint for Declaratory Judgment, Just Compensation and Damages, ¶¶ 28, 41, 44, 47,

14  49, 52  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C

15  Section 1331.

16      5       The above-captioned action may be removed to this Court pursuant to 28

17  U S C  Section 1441 and 28 U S C  Section 1443   This Court is a district court of the United

18  States for the district and division embracing the place where the state court action is pending,

19  and is therefore the appropriate Court for removal pursuant to 28 U.S C. Section 1441

20  //

21  //

22  //

23  //

24  //

25  //

*Law Offices*
LEE SMART COOK MARTIN & PATTERSON
*P S , Inc*
1800 One Convention Place • 701 Pike Street • Seattle, WA 98101-3929
(206) 624-7990 • Toll free (877) 624-7990 • Facsimile (206) 624-5944

1   DATED this __13__ day of January, 2003

2                    LEE SMART COOK MARTIN &
3                    PATTERSON, P.S., INC

4

5        By ___Duncan K Fobes___
                Duncan K Fobes, WSBA No. 14964
6               William R Kiendl, WSBA No 23169
                Of Attorneys for Defendant/Respondent
7               Clallam County

8                **DECLARATION OF SERVICE**

9        The undersigned certifies under penalty of perjury under the laws of the State of

10  Washington that on the below date, I mailed or caused delivery of a true and accurate copy of

11  this document to

12
    John E Keegan
13  Bruce E H Johnson
    Davis Wright Tremaine LLP
14  1501 Fourth Avenue, Suite 2600
    Seattle, WA 98101-1688
15

16  DATED this __15__ day of January, 2003, at Seattle, Washington.

17

18        ___William R. Kiendl___

19

20

21

22

23

24

25

{861502 DOC}
NOTICE OF REMOVAL - 3

*Law Offices*
LEE SMART COOK MARTIN & PATTERSON
*P S , Inc*
1800 One Convention Place • 701 Pike Street • Seattle, WA 98101-3929
(206) 624-7990 • Toll-free (877) 624-7990 • Facsimile (206) 624-5944

EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP

VIACOM OUTDOOR, INC., a Delaware )
corporation; and A. J. WEBB CONSTRUCTION )
COMPANY, ) No.
)
Plaintiffs/Petitioners, ) SUMMONS
)
v )
)
CLALLAM COUNTY, a Washington municipal )
corporation, )
)
Defendant/Respondent. )

TO THE DEFENDANT      A lawsuit has been started against you in the above-entitled Court by Viacom Outdoor, Inc and A J Webb Construction Company, Plaintiff. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve

SUMMONS - 1
SEA 1306759v1 59631-1
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square  1501 Fourth Avenue
Seattle, Washington 98101 1688
(206) 622 3150   Fax  (206) 628-7699

1  the demand the plaintiff must file this lawsuit with the Court, or the service on you of this

2  summons and complaint will be void

3      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

4  that your written response, if any, may be served on time.

5      This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

6  of Washington.

7      DATED this 31st day of December, 2002.

8
9                          Davis Wright Tremaine LLP
                           Attorneys for Viacom Outdoor, Inc. and A. J.
                           Webb Construction Company

10
11                         By _____
12                             John E. Keegan, WSBA #0279
                               Bruce E. H. Johnson, WSBA #07667

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square  1501 Fourth Avenue
Seattle  Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

1
2
3
4
5
6
7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                IN AND FOR THE COUNTY OF KITSAP
8
9   VIACOM OUTDOOR, INC , a Delaware        )
    corporation, and A. J. WEBB CONSTRUCTION)
10  COMPANY,                                )      No.
                                            )
11                 Plaintiffs/Petitioners,  )      LAND USE PETITION AND
                                            )      COMPLAINT FOR
12        v                                 )      DECLARATORY JUDGMENT,
                                            )      JUST COMPENSATION AND
13  CLALLAM COUNTY, a Washington municipal )       DAMAGES
    corporation.                            )
14                                          )
                                            )
15  _____ Defendant/Respondent.  )

16        Plaintiffs/petitioners Viacom Outdoor, Inc. and A  J. Webb Construction Company,

17  bring this Land Use Petition and Complaint for Declaratory Judgment, Just Compensation and

18  Damages, alleging as follows:

19                  **I. PARTIES, JURISDICTION AND VENUE**

20        1.     Plaintiff/petitioner Viacom Outdoor, Inc. ("Viacom") is a Delaware corporation

21  doing business in Clallam County, Washington, and is the owner of numerous freestanding

22  outdoor advertising signs which have been legally erected and permitted.  Viacom's mailing

23  address is 195 Silver Lane, P. O  Box 40190, Eugene, OR  97404 (regional office) and 405

24  Lexington Avenue, New York, NY  10174

25
26
27

LAND USE PETITION, PETITION AND COMPLAINT - 1
SEA 1304572v1 59631-1

2      Plaintiff/petitioner A. J Webb Construction Company is a property owner in Clallam County. Washington   A. J Webb Construction Company's mailing address is 300 Webb Road, Sequim, Washington 98382.

3.      Defendant/respondent Clallam County is a municipal corporation existing and operating through and subject to the laws and constitution of the State of Washington.   Clallam County's mailing address is Clallam County Courthouse, 223 East Fourth Street, PO Box 863, Port Angeles, Washington 98362-0149

4      The court has personal jurisdiction and subject matter jurisdiction over the claims herein, which arise pursuant to Washington State law, the Washington Constitution, federal law, and the United States Constitution.

5.      Venue for this matter is proper in Kitsap County, Washington, pursuant to the provisions of RCW 36 01 050, which permit an action against any county to be commenced in the superior court of such county or in the superior court of either of the two nearest judicial districts. Kitsap County is one of the two nearest judicial districts to Clallam County

## II. FACTS

6      Viacom is the owner of a freestanding, double-faced outdoor sign (the "Sign") at 261423 Highway 101, Sequim, Washington (at MP 61.41).

7.      The Property on which the Sign is located is owned by A. J. Webb Construction Company ("Webb") and legally described as·

> That portion of the East half of the East half of Section 22, Township 30 North, Range 4 West, W M. Clallam County, Washington, described as follows: Beginning at a point on the Northerly right of way line of Highway No. 9, 20 feet East of the West line of said East half of the East half; thence Northerly parallel with said West line 246 feet 6 inches, thence East at right angles 575 feet; thence Southerly parallel with the West line of said East half of the East half 200 feet; thence East 200 feet to the true point of beginning; thence East 60 feet; thence South parallel with the West line of said East half of the East half to the Northerly right of way line of Highway No. 9; thence Westerly along said right of way line of Highway No. 9 to a point South of the true point of beginning, thence North to the true point of beginning (the "Property").

LAND USE PETITION, PETITION AND COMPLAINT - 2
SEA 1304572v1 59631-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle   Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

8      Viacom has a lease with Webb which entitles Viacom to erect, maintain, and reconstruct the Sign at this location on the Property for a period ending on April 30, 2007, subject to renewal for an additional period ending on April 30, 2017

9      The Sign was constructed in March, 1993, in compliance with all applicable local and state laws and pursuant to all applicable permits, including a Clallam County sign permit issued April 7, 1992 (#BPT91-1542) and a Washington State Department of Transportation sign permit issued April 2, 1992 (#10480 and #10481).

10.     The Sign is within six hundred and sixty feet (660') of the nearest edge of the right of way for SR101 and visible from the main traveled way of SR101   SR101, at the location of the Sign, is part of the federal-aid primary system as described in 23 U.S C. § 103(b) and is within a commercial and industrial area.

11.     The Sign has an area of approximately 288 square feet and a height of 25 feet.

12.     The current Clallam County Sign Code was adopted by the Clallam County Board of Commissioners in 2000 by passage of Ordinance No. 694, which is codified in the Clallam County Code as Chapter 33.57 ("County Sign Code").

13.          ' ' ·                          , pre-existing, legally erected, non-conforming, freestanding signs under the County Sign Code is 128 square feet in area with a maximum height of 15 feet.

14      The County Sign Code provides that the owner of a non-conforming sign may elect to bring the sign into compliance with the area and/or height standards of the Sign Code after an amortization period that begins either on the date of the original sign building permit and runs for a term of one year for every $1,000 of project value claimed on the original sign building permit, or, alternatively, two years from the effective date (i e., until June 23, 2002), whichever is greater

15.     Pursuant to the provisions of the County Sign Code, the amortization period for the Sign expired June 23, 2002.

LAND USE PETITION, PETITION AND COMPLAINT - 3
SEA 1304572v1 59631-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101-1688
(206) 622 3150    Fax (206) 628-7699

16      On September 13, 2002, Clallam County issued an Order to Cease and Desist to Viacom, requiring Viacom to reduce the height of the sign to fifteen feet and the area of the sign to 128 square feet  A copy of the Order to Cease and Desist is attached to this Petition and Complaint as Attachment A.

17.     On September 30, 2002, Viacom filed a Request for Appeal of the September 13, 2002 Cease and Desist Order. The Request for Appeal was considered timely received by the County

18.     The Hearing Examiner for Clallam County                              Order and Appeal, invited the parties to define the issues and stipulate to undisputed facts, and on December 10, 2002, issued his Findings and Conclusions and Decision ("Decision") in this matter  See Attachment B to this Petition and Complaint. No open record hearing was determined necessary and no such hearing was held.

19.     Based upon the stipulated and undisputed facts, the Examiner denied Viacom's appeal, concluding that the Sign does not comply with the area and height requirements of the County Sign Code. The Examiner concluded that he had no jurisdiction to decide the compensation and other claims raised by Viacom based upon the State Scenic Vistas Act (RCW Ch. 47 42) and various additional state and federal constitutional and statutory bases

20.     The variance procedure in the County Sign Code allows the area and height to exceed the County Sign Code standards by no more than 10%.

21.     Viacom's intent is to keep its Sign at its present area and height. Viacom and Clallam County agreed that the variance process is unlikely to accomplish this goal. Clallam County agreed not to assert that Viacom failed to exhaust its administrative remedies with regard to the issue of seeking a variance

22.     The requirement to reduce the size of the Sign to 128 square feet in area and 15 feet in height requires the removal of the existing Sign.

23      The fair market value of the Sign and the right to have the Sign on the Property is substantial, with a value in an amount to be proven at trial.

LAND USE PETITION, PETITION AND COMPLAINT - 4
SEA 1304572v1 59631-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622 3150   Fax  (206) 628-7699

### III. FIRST CAUSE OF ACTION:
### LAND USE PETITION

24.     Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint.

25.     The Hearing Examiner's Decision is a "land use decision" subject to judicial review under the Land Use Petition Act, RCW Ch. 36.70C.

26      Plaintiffs/petitioners have standing to bring a land use petition because they have been aggrieved, adversely affected and prejudiced by such land use decision, and have exhausted their administrative remedies to the extent required by law.

27      If it is Clallam County's intent to remove the Sign during the pendency of this Petition and Complaint, plaintiffs/petitioners assert that they are entitled to a stay of such action by Clallam County pursuant to the criteria in RCW 26.70C.100 and reserve the right to make such a motion and to set forth a statement of the grounds for the stay and any additional facts that may be relevant

28      Plaintiffs/petitioners are entitled to relief under the Land Use Petition Act because Clallam County and the Examiner failed to follow the requirements for compensation in the State Scenic Vistas Act (RCW Ch  47 42), failed to honor plaintiffs'/petitioners' vested rights under Washington law, violated the prohibitions against taking of property without just compensation under Article 1, Section 16 of the Washington Constitution and the Fifth and Fourteenth Amendments of the U S. Constitution, violated the plaintiffs'/petitioners' rights to substantive due process under Article 1, Section 3 of the Washington Constitution and the Fourteenth Amendment to the U S. Constitution, violated the plaintiffs'/petitioners' rights to freedom of speech under Article 1, Section 5 of the Washington Constitution and the First and Fourteenth Amendment to the U S. Constitution, violated the plaintiffs'/petitioners' civil rights under 42 U S C  § 1983, violated their rights under the Uniform Relocation and Assistance and Real Property Act of 1970, as amended, 42 U S.C  § 4601, *et seq ,* and committed acts entitling plaintiffs/petitioners to damages under RCW Chapter 64.40  For these same reasons, such

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150   Fax (206) 628 7699

1 Decision is not supported by substantial evidence and is a clearly erroneous application of the

2 law to the facts.

### IV. SECOND CAUSE OF ACTION:
### SCENIC VISTAS ACT

29    Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition
and Complaint.

30.    The Sign, because of its location and permitting in accordance with state and
local law, is protected by the provisions of the State Scenic Vistas Act, RCW Ch. 47.42.

31    The State Scenic Vistas Act requires that just compensation shall be paid upon
the removal of any existing sign pursuant to the provisions of any resolution or ordinance of
any county, city or town of the state of Washington if such sign was erected subsequent to
May 10, 1971 (the effective date of the Scenic Vistas Act of 1971), in compliance with existing
state and local law   RCW 47.42 107(1)(b)

32    Such compensation shall be paid in the manner provided in RCW 47 42 102(2)
and must be paid in advance of the removal of Viacom's Sign.

33.    If no agreement can be reached between the parties as to the amount of such
compensation, it shall be determined by judicial proceeding.

34    Clallam County's Order to Cease and Desist and the Examiner's Decision make
no provision for the payment of just compensation to the plaintiffs/petitioners in accordance
with the Scenic Vistas Act.

35    Clallam County is, therefore, prohibited, in the absence of payment of just
compensation, from ordering the Sign in its current configuration removed.

### V. THIRD CAUSE OF ACTION:
### VESTED RIGHTS

36    Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition
and Complaint

LAND USE PETITION, PETITION AND COMPLAINT - 6
SEA 1304572v1 59631-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington 98101-1688
(206) 622 3150   Fax (206) 628-7699

37    Under well-established Washington law, plaintiffs/petitioners have a vested right to maintain the Sign in accordance with the County ordinances and regulations in effect on the date such Sign was applied for

38.   On the date that Viacom (or its predecessor in interest) applied for permits to construct the sign in Clallam County, the Sign complied with all applicable Clallam County ordinances and regulations and was legally established.

39.   Clallam County is, therefore, prohibited, in the absence of payment of just compensation, from ordering the Sign in its current configuration removed

## VI.  FOURTH CAUSE OF ACTION: UNCONSTITUTIONAL TAKING

40.   Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint

41    Clallam County's Order to Cease and Desist constitutes a taking of plaintiffs'/petitioners' property rights without just compensation under Article 1, Section 16 of the Washington Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution

42.   Plaintiffs/petitioners are entitled to the payment of just compensation and damages for the removal of the Sign in its current configuration.

## VII.  FIFTH CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS

43    Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint.

44.   Clallam County's Order to Cease and Desist and the Examiner's Decision constitute a violation of plaintiffs'/petitioners' rights to substantive due process under Article 1, Section 3 of the Washington Constitution and the Fourteenth Amendment of the U.S Constitution.

45    Plaintiffs/petitioners are entitled to the invalidation of the Order and Decision or to the payment of damages for the removal of the Sign in its current configuration.

LAND USE PETITION, PETITION AND COMPLAINT - 7
SEA 1304572v1 59631-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square    101 Fourth Avenue
Seattle Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

## VIII.  SIXTH CAUSE OF ACTION:
### FIRST AMENDMENT

46     Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint

47     Clallam County's Order to Cease and Desist and the Examiner's Decision constitute a violation of plaintiffs'/petitioners' rights to freedom of speech under Article 1, Section 5 of the Washington Constitution and under the First and Fourteenth Amendment of the U.S. Constitution.

## IX.  SEVENTH CAUSE OF ACTION:
### 42 U.S.C. §1983

48.    Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint.

49.    Clallam County's Order to Cease and Desist and the Examiner's Decision violate and infringe upon plaintiffs'/petitioners' civil rights pursuant to 42 U S.C. § 1983, *et seq*, because of the County's actions cited in the Fourth, Fifth, and Sixth Causes of Action, above

50     Plaintiffs/petitioners are entitled to the payment of damages for the removal of the Sign in its current configuration and are entitled to the payment of attorneys' fees, costs and expenses.

## X.  EIGHTH CAUSE OF ACTION:
### 42 U.S.C. § 4601, *et seq.*

51     Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint.

52     Clallam County's Order to Cease and Desist and the Examiner's Decision violate the requirements for the payment of compensation for the acquisition of any interest in real property pursuant to the Uniform Relocation and Assistance and Real Property Acquisition Act of 1970, as amended, 42 U S C. § 4601, *et seq*

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150   Fax (206) 628-7699

## XI.  NINTH CAUSE OF ACTION:
## RCW CHAPTER 64.40

53.    Plaintiffs/petitioners incorporate by reference paragraphs 1-23 of this Petition and Complaint.

54.    Clallam County's Order to Cease and Desist and the Examiner's Decision constitute acts of an agency which are arbitrary, capricious, unlawful or exceed lawful authority and, therefore, entitle plaintiffs/petitioners to damages, reasonable costs, and attorneys' fees under RCW Chapter 64.40

## PRAYER FOR RELIEF

Plaintiffs/petitioners, having stated their claims, do hereby pray for the following relief.

A.    That the Court grant the petition under Land Use Petition Act;

B    That the Court enter judgment declaring that the County Sign Code, as applied, and the County's actions are in violation of plaintiffs'/petitioners' rights under the state and federal statutes and state and federal constitutional provisions cited in this Petition and Complaint;

C.    That the Court stay the County's action in respect to the Sign pending a final decision on this Petition and Complaint,

D.    That the Court enter an award to plaintiffs/petitioners for just compensation and damages,

E.    That the Court award plaintiffs/petitioners attorneys fees pursuant to the requirements of 42 U S C. § 1983, *et seq*, and RCW Chapter 64 40

F    That the Court award such other and further relief as it determines appropriate.

DATED this $\widehat{3l\lambda}$ day of December, 2002

Davis Wright Tremaine LLP
Attorneys for Viacom Outdoor, Inc  and Adrian J Webb

By _____
John E Keegan, WSBA #0279
Bruce E. H. Johnson, WSBA #07667

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington  98101-1688
(206) 622-3150   Fax (206) 628-7699

**RECEIVED**

**DEC 1 2 2002**

**KEEGAN**

**BEFORE THE HEARINGS EXAMINER**

**FOR CLALLAM COUNTY**



RECEIVED

DEC 1 0 2002

CLALLAM COUNTY
DEPT OF COMMUNITY DEVELOPMENT

In the Matter of the Appeal of        )        NO. VIO2002-00030
                                      )
**ViaCom Outdoor, Inc.**               )        FINDINGS AND
                                      )        CONCLUSIONS & DECISION
of a Cease & Desist Order for a Sign  )        *(CORRECTED 12-10-02)*
_____)

*Note. This corrected decision replaces all previous decisions that may have been received by the Attorneys in this matter This decision is the true and correct final decision issued on December 10 2002.*

### SUMMARY OF DECISION

The appeal is **DENIED**. The sign does not comply with the Clallam County Sign Code. Issues related to compensation, violation of vested rights, unconstitutional taking of property, violations of substantive due process, violations of civil rights under 42 U.S.C. Section 1983, violations of the Uniform Relocation and Assistance and Real Property Acquisition Act of 1970, 42 U S C 4601 *et seq* are outside the jurisdiction of the Hearing Examiner to decide.

### SUMMARY OF RECORD

Following a review of the administrative order and appeal, the Hearing Examiner conducted a telephone conference on October 30, 2002, to help define the issues on appeal and determine the appropriate procedure for resolution of those issues. The parties agreed that each would submit proposed findings and an identification of issues. The parties agreed that the jurisdiction of the Hearing Examiner should also be addressed in that pleading.

Following a review of the pleadings, the Hearing Examiner conducted a second telephone conference on November 26, 2002. These findings, conclusions and decision are issued following that telephone conference. The parties stipulated to the findings set forth below. Since no facts are in dispute, no open record appeal hearing was held. The parties agreed that the Hearing Examiner should issue a decision based upon the agreed facts stated below.

Exhibits.
1.      Order to Cease and Desist, dated 9/13/2002.
2       Request for Appeal, dated 9/30/2002.

Pleadings
1.      Appellant's Proposed Findings and Identification of Issues, dated 11/13/2002;

2. Clallam County's Proposed Findings of Fact, Conclusions of Law and
   Identification of Issues, dated 11/22/2002,

3 Hearing Examiner Pre-Hearing Order, dated 10/30/2002.

Mr. John Keegan. Attorney at Law, of Davis Wright Tremaine LLP, represented the
Appellant; Ms. Lauren Erickson, Deputy Prosecuting Attorney, represented Clallam
County

## FINDINGS OF FACT

1 Viacom Outdoor, Inc is the owner of a freestanding, double-faced outdoor sign
  (the "Sign") at 261423 Highway 101, Sequim, Washington (at MP 61 41) [1]
  *Exhibits 1 & 2; Appellant's Proposed Findings & Identification of Issues,
  County's Proposed Findings of Fact, Conclusions of Law and Identification of
  Issues*

2. Viacom Outdoor, Inc. has a lease with the owner of the Property, Adrian J. Webb
   (300 Webb Road, Sequim, WA 98382), which entitles Viacom to erect, maintain,
   and reconstruct the Sign at this location on the Property for a period ending on
   April 30, 2007, subject to renewal for an additional period ending on April 30,
   2017. *Exhibits 1 & 2; Appellant's Proposed Findings & Identification of Issues,
   County's Proposed Findings of Fact, Conclusions of Law and Identification of
   Issues.*

3 The Sign was constructed in March, 1993, in compliance with all applicable local
  and state laws and pursuant to all applicable permits, including a Clallam County
  sign permit issued April 7, 1992 (#BPT91-1542). *Exhibits 1 & 2; Appellant's
  Proposed Findings & Identification of Issues, County's Proposed Findings of
  Fact, Conclusions of Law and Identification of Issues*

4. The Sign is within six hundred and sixty feet (660') of the nearest edge of the
   right of way for SR101 and visible from the main traveled way of SR101. SR101,
   at the location of the Sign, is part of the federal-aid primary system as described
   in 23 U.S.C. section 103(b) and is within a commercial and industrial area.

---

[1] The property on which the sign is located is legally described as:

> That portion of the East half of the East half of Section 22, Township 30 North,
> Range 4 West, W M., Clallam County, Washington, described as
> follows: Beginning at a point on the Northerly right of way line of Highway No 9,
> 20 feet East of the West line of said East half of the East half; thence Northerly
> parallel with said West line 246 feet 6 inches; thence East at right angles 575 feet;
> thence Southerly parallel with the West line of said East half of the East half
> 200 feet; thence East 200 feet to the true point of beginning; thence East 60 feet;
> thence South parallel with the West line of said East half of the East half to the
> Northerly right of way line of Highway No 9, thence Westerly along said right of
> way line of Highway No 9 to a point South of the true point of beginning; thence
> North to the true point of beginning (the "Property")

*Exhibits 1 & 2, Appellant's Proposed Findings & Identification of Issues, County's Proposed Findings of Fact, Conclusions of Law and Identification of Issues*

5       The Sign has an area of 288 square feet and a height of 25 feet   *Exhibits 1 & 2; Appellant's Proposed Findings & Identification of Issues; County's Proposed Findings of Fact, Conclusions of Law and Identification of Issues*

6.      The maximum allowable area for pre-existing, legally erected, non-conforming, freestanding signs is 128 square feet with a maximum height of 15 feet.

7.      Clallam County Sign Code provides that the owner of a non-conforming sign may elect to bring the sign into compliance with the area and/or height standards of the sign code after an amortization period that begins either on the date of the original sign building permit and runs for a term of one year for every $1,000 of project value claimed on the original sign building permit, or, alternatively, two years from the effective date (i.e., until June 23, 2002), whichever is greater

8       The amortization period for the Sign expired June 23, 2002. *Exhibits 1 & 2; Appellant's Proposed Findings & Identification of Issues, County's Proposed Findings of Fact, Conclusions of Law and Identification of Issues*

9       On September 13, 2002, Clallam County issued a Cease and Desist Order to Viacom Outdoor Advertising. The Cease and Desist Order required Viacom to undertake the following corrective measure:

        Reduce the height of the sign to fifteen feet  and reduce the size
        of the sign to 128 square feet in area.

10.     On September 30, 2002, Viacom filed a Request for Appeal of the September 13, 2002 Cease and Desist Order. The Request for Appeal was timely received.[2]  The appeal raises eight issues:

        a)      Is the Sign in conformity with the sign area and sign height requirements of Ordinance No. 694 (County Sign Code)?

        b)      Can Clallam County require the removal of the Sign under Ordinance No  694 without paying Viacom "just compensation" as required by the provisions of the State Scenic Vistas Act, namely RCW 47.42.102, .103 and .107?

---

2.  Administrator of the Department of Community Development agrees that where service of a notice is by mail, three days shall be added to the prescribed fourteen day appeal period as provided for in Superior Court Civil Rule 6(e).

c)   Does the County's action constitute a violation of Viacom's vested rights in its state and local permits?

d)   Does the County's action constitute an unconstitutional taking of property without just compensation?

e)   Does the County's action constitute a violation of Viacom's constitutional rights to substantive due process?

f)   Does the County's action constitute a violation of Viacom's civil rights under 42 U.S.C. § 1983?

g)   Does the County's action constitute a violation of the Uniform Relocation and Assistance and Real Property Acquisition Act of 1970, as amended, 42 U.S.C. § 4601 *et seq?*

h)   What amount must the County pay Viacom in just compensation and damages for the removal of the Sign?

*Exhibits 1 & 2, Appellant's Proposed Findings & Identification of Issues; County's Proposed Findings of Fact, Conclusions of Law and Identification of Issues*

11   Viacom's intent is to keep its sign at its present area and height   Viacom and Clallam County agree that the variance process is unlikely to accomplish this goal.   Clallam County agrees that the County will not assert that Viacom failed to exhaust its administrative remedies with regard to the issue of seeking a variance

## CONCLUSIONS
### Jurisdiction

This appeal of an order to cease and desist is an administrative order issued by the Department of Community Development. Appeals of administrative orders are generally within the jurisdiction of the Hearing Examiner to hear and decide in accordance with the laws of the State of Washington and the ordinances of Clallam County.

This appeal was initiated following the issuance of a Notice of Violation and Cease and Desist Order signed by a designee of the County administrator of the Zoning Code. The letter described the appeal procedures and referenced Chapter 26 10.610 of the Clallam County Code. The Hearing Examiner is granted jurisdiction to hear certain issues of this appeal under Section 33 33 010   That section authorizes the Hearing Examiner to review "any order, requirement, decision or determination" of the administrator made when implementing the Zoning Code   The review authority of the Hearing Examiner extends to every directive issued by the County administrator when that directive contains orders or determinations such as the letter issued to the Appellant. *CCC 33 33 010*

However, the jurisdiction of the Hearing Examiner is restricted to the review of the administrative action. The Hearing Examiner has no authority to approve a land use action, grant equitable relief, or order compensation under CCC Chapter 33. The Hearing Examiner may only decide whether the administrator made an error in his "order, requirement, decision or determination" based upon his review of the Clallam County Code, the Revised Code of Washington and relevant cases decided by the courts

The Hearing Examiner may not rule on issues outside his jurisdiction or authority. The Hearings Examiner has limited jurisdiction to hear and decide upon only those matters that are specifically delegated to him by the County legislative authority. The Hearing Examiner does not have authority to consider equitable or constitutional issues, and cannot hear challenges to the validity of the code *Chaussee v. Snohomish County Council, 38 Wn. App. 630, 636-637 (1984)*, *Woodinville Water District v King County, 105 Wn App 897 906 (2001), CCC 26 10 620(2)(b); Chapter 26 04 CCC*

### Criteria for Review

In order to reverse or remand an Administrative Decision, the Hearing Examiner must find that the Appellant has demonstrated at least one of the following standards of review:

1   The decision is an erroneous interpretation of the law;
2.   The decision is not supported by evidence that is substantial when viewed in light of the whole record;
3   The decision is a clearly erroneous application of the law to the facts.

Under the "clearly erroneous" standard of review, the Hearings Examiner examines the entire record in light of the policy set forth in the ordinance and reverses the decision only if he has a definite and firm conviction that the County made a mistake. *See Buttnick v. Seattle, 105 Wn.2d 857 (1986)* When applying the clearly erroneous standard, the Hearings Examiner must not substitute his own judgment for the judgment of the County. *See Buechel v. Department of Ecology, 125 Wn 2d 196 (1994)*

Thus, in the instant case, the Hearings Examiner's duty is to review the entire record in light of the policies articulated in the Clallam County Code and to uphold the County decision unless the Examiner has a definite and firm conviction that the County made a mistake. If the Examiner concludes that a mistake was made such that the decision was clearly erroneous, he must reverse the County's decision. To properly review the County's decisions, the Examiner must decide what facts are important to each decision, determine those facts with reference to specific exhibits or testimony, draw conclusions from those facts, and make a decision based on those conclusions. *See, Weyerhaeuser v Pierce County, 124 Wn 2d 26 (1994)*

### Conclusions Based on Facts

1.   The sign is not in compliance with the Clallam County Code and does not qualify as a legally existing, non-conforming sign. The sign had the status of a legally

existing, non-conforming sign until June 23, 2002, which is the date that non-conforming signs were to brought into compliance with the sign code. Since the sign exceeds the height and area allowed under the sign code, it is in violation of the sign code. The answer to Appellant's Issue 1 is "No". Thus, the appeal of Issue 1 is denied. *Findings of Fact No.1,2 & 3, Finding of Fact 10 (a)*

2.    The Hearing Examiner has no jurisdiction to decide issues related to compensation, violation of vested rights, unconstitutional taking of property, violations of substantive due process, violations of civil rights under 42 U S C. Section 1983, violations of the Uniform Relocation and Assistance and Real Property Acquisition Act of 1970, 42 U S.C. 4601 *et seq* The answer to Appellant's Issues No  2, 3, 4, 5, 6, 7 & 8 is "No answer, because the issue is outside the jurisdiction of the Clallam County Hearing Examiner " Thus, the appeal on those issues is dismissed, without prejudice. *Findings of Fact No  5 & 6, Finding of Fact 10 (b) – (g)*

Decided this 10ʰ day of December 2002

Theodore Paul Hunter

THEODORE PAUL HUNTER, Hearing Examiner