ENTERED
ON DOCKET

MAY 29 2003

DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VIACOM OUTDOOR, INC, a Delaware corporation, and A J WEBB and KERRY WEBB,<br><br>Plaintiffs,<br><br>v<br><br>CLALLAM COUNTY, a Washington municipal corporation,<br><br>Defendant | No C03-5023 RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |



CV 03-05023 #00000026

This matter comes before the Court on plaintiffs' Motion for Partial Summary Judgment (Dkt #8) The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein

## BACKGROUND

In March of 1993, plaintiff, Viacom Outdoor, Inc , constructed an outdoor commercial sign at mile post 61 on Highway 101 in Sequim Washington Viacom entered a long-term lease with plaintiffs A J Webb and Kerry Webb, the owners of the property upon which the sign is located The sign, approximately 288 square feet in area and 25 feet high, was constructed in full compliance with local and state laws

In June of 2000, Ordinance 694 was enacted by defendant, Clallam County The ordinance

required that all existing signs be reduced to a size no greater than 15 feet in height and 128 square feet in area. The County Sign Code permitted an owner of a non-conforming sign to bring it into compliance after an amortization period. The amortization period for Viacom's sign expired on June 23, 2002. After the expiration of the amortization period, Clallam County issued an Order to Cease and Desist, effectively requiring Viacom to reduce the size of its sign. Viacom appealed the Order to the County Examiner. The County Examiner concluded that the sign was not in compliance with the Sign Code and denied the appeal. The Examiner also found that he had no jurisdiction to determine the issue of compensation and other claims raised by Viacom. Viacom appealed the Examiner's decision in Kitsap County Superior Court with a petition for review pursuant to the Land Use Petition Act (LUPA), RCW 36.70C. Clallam County then removed the matter to this Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy, 68 F.3d at 122.

## DISCUSSION

The single issue for the Court to decide as a matter of law, as presented by plaintiffs, is whether Clallam County may require the removal of plaintiffs' sign under Ordinance 694 without paying "just compensation" as required by the provisions of the Scenic Vistas Act, RCW 47.42.107. Clallam County

substantially agrees with plaintiffs' statement of the issue, but with further clarification regarding "removal." According to the County, the question is whether the Scenic Vistas Act requires the payment of compensation where a local ordinance requires an existing, non-conforming sign to be reduced in size

The compensation provision of the Scenic Vistas Act, RCW 47.42.107 provides

(1) Just compensation shall be paid upon the removal of any existing sign pursuant to the provisions of any resolution or ordinance of any county, city, or town of the state of Washington by such county, city, or town if

(a) Such sign was lawfully in existence on May 10, 1971 (the effective date of the Scenic Vistas Act of 1971), or

(b) Such sign was erected subsequent to May 10, 1971 (the effective date of the Scenic Vistas Act of 1971), in compliance with existing state and local law

(2) Such compensation shall be paid in the same manner as specified in RCW 47.42.102(2) for the following

(a) The taking from the owner of such sign, display, or device of all right, title, leasehold, and interest in such sign, display, or device, and

(b) The taking from the owner of the real property on which the sign, display, or device is located, of the right to erect and maintain such signs, displays, and devices thereon

In this case, compliance with the County's Sign Code and the Cease and Desist Order would require the removal of plaintiffs' existing sign. Regardless of whether plaintiffs are permitted to construct a sign that complies with the new dimensional requirements, the fact remains that the existing sign would first have to be removed, thereby "taking from the owner of the real property the right to maintain such sign." Accordingly, plaintiffs are entitled to just compensation as provided by RCW 47.42.107. The amount of such compensation will be determined through further proceedings in this case

## MOTION TO STRIKE

Defendant has moved to strike certain factual averments made in the supplemental declaration of Bernard P. Conklin. Specifically, testimony regarding the visibility and functionality of signs, and the

effect of the Sign Code's Requirements Because the Court did not rely on this information in reaching its decision on this motion, defendant's request is denied

## CONCLUSION

For all of the foregoing reasons, plaintiffs' Motion for Partial Summary Judgment (Dkt #8) is **GRANTED.** Defendant's Motion to Strike (Dkt #24) is **DENIED**

DATED this 23d day of May, 2003

_____
RONALD B LEIGHTON
United States District Judge

United States District Court
for the
Western District of Washington
May 29, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:03-cv-05023

True and correct copies of the attached were mailed by the clerk to the following:

> Duncan K Fobes, Esq.
> LEE SMART COOK MARTIN & PATTERSON PS INC
> STE 1800 ONE CONVENTION PL
> 701 PIKE ST
> SEATTLE, WA 98101-3929
> FAX 624-5944
>
> William R Kiendl, Esq.
> LEE SMART COOK MARTIN & PATTERSON PS INC
> STE 1800 ONE CONVENTION PL
> 701 PIKE ST
> SEATTLE, WA 98101-3929
> FAX 624-5944
>
> John E Keegan, Esq.
> DAVIS WRIGHT TREMAINE LLP
> STE 2600
> 1501 4TH AVE
> SEATTLE, WA 98101-1688
> FAX 628-7699
>
> Bruce EH Johnson, Esq
> DAVIS WRIGHT TREMAINE LLP
> STE 2600
> 1501 4TH AVE
> SEATTLE, WA 98101-1688
> FAX 903-3783
>
> Judge Leighton